UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY EDWARD COLE,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

Defendant.

Case No. 14-cv-14554

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS [14], ACCEPTING REPORT AND RECOMMENDATION [13], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [12], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [10], AND AFFIRMING THE COMMISSIONER'S DECISION**

## I. INTRODUCTION

Troy Edward Cole ("Cole" or "Plaintiff") brought this action against the Commissioner of Social Security ("the Commissioner" or "Defendant") pursuant to 42 U.S.C. § 405(g) on December 2, 2014. *See* Dkt. No. 1. In the Complaint, Plaintiff challenged the Commissioner's final decision denying his application for disability benefits under the Social Security Act. *Id.* This Court referred the matter to Magistrate Judge David R. Grand on December 3, 2014. *See* Dkt. No. 2.

Plaintiff filed a Motion for Summary Judgment on April 6, 2015. *See* Dkt. No. 10. On June 1, 2015, the Commissioner also filed a Motion for Summary Judgment. *See* Dkt. No. 12. On December 23, 2015, Magistrate Judge Grand found that the Administrative Law Judge's ("ALJ") decision was supported by substantial evidence in the record, and that Plaintiff was not entitled to disability benefits. *See* Dkt. No. 13. Magistrate Judge Grand recommended that the Commissioner's Motion for Summary Judgment [12] be granted, Plaintiff's Motion for Summary Judgment [10] be denied, and that, pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision be affirmed.

On January 6, 2016, Plaintiff submitted an Objection to Magistrate Judge Grand's Report and Recommendation. *See* Dkt. No. 14. The Commissioner filed a response on January 12, 2016. *See* Dkt. No. 15. For the reasons discussed herein, the Court will **OVERRULE** the Objection, and **ACCEPT** Magistrate Judge Grand's Report and Recommendation.

## II. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. *See* Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.,* 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether the ALJ's findings are supported by substantial evidence and

made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted).

"If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.' " *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers,* 486 F.3d at 247.

Only those objections that are specific are entitled to a *de novo* review under the statute. *See Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir.1986). "The parties

have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). "A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court[.]" *Carter v. Comm'r of Soc. Sec.*, No. 13-12745, 2014 WL 6750310, at *6-7 (E.D. Mich. Dec. 1, 2014) (citing *Howard v. Sec'y of Health and Human Services.*, 932 F.2d 505, 509 (6th Cir. 1991), for the proposition that "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.").

### III. DISCUSSION

**1. Objection No. 1: The Magistrate Erred when he Found that the ALJ's Discount of a Treating Physician's Opinion was Supported by Substantial Evidence**

Plaintiff argues that the opinions of Plaintiff's treating physician, Dr. Aaron Van Wagnen, could be "supported by the record as a whole," and therefore, should not have been discounted. *See* Dkt. No. 14 at 4 (Pg. ID No. 619).

First, Plaintiff's argument was already raised in Plaintiff's original Motion for Summary Judgment. *See* Dkt. No. 10 at 18 (Pg. ID No. 560) ("Remand is appropriate where the ALJ disregarded Plaintiff's treating doctor out of hand.").

The Magistrate Judge thoroughly and adequately addressed this argument in the Report and Recommendation. *See* Dkt. No. 13 at 8–12 (Pg. ID No. 605–09). Accordingly, this argument fails the standard for specificity under *Carter*.

Second, the ALJ did have substantial evidence to discount the weight given to Dr. Van Wagen's opinion. As the Magistrate Judge and the ALJ noted, Dr. Van Wagen's notes were inconsistent with his opinions. Magistrate Judge Grand summarized the doctor's opinions:

> Cole's symptoms would interfere constantly with his attention and concentration; that he was incapable of even "low stress" jobs; that he could not walk a single city block without rest or severe pain; that he could sit or stand for only fifteen minutes at a time, and for less than two hours total in an eight-hour workday; that he needed to get up and walk around for five minutes every fifteen minutes; that he needed to be able to shift positions at will; that he needed to take an indeterminate number of unscheduled breaks throughout the day; that he could occasionally lift less than ten pounds; that he could occasionally look up or down, turn his head, or hold it in a static position; that he could rarely twist, stoop, crouch, or climb; that he had significant (but unspecified) limitations in reaching, handling, and fingering with both hands; and that he would likely miss more than four days of work per month.  (Tr. 443-46).

Dkt. No. 13 at 8 (Pg. ID No. 605). Dr. Wagen's treatment notes also indicated that Plaintiff complained of frequent bowel movements in February 2010 (Tr. 440).

However, complaints of frequent bowel movements were not reflected in numerous other visits. (Tr. 428–39). Furthermore, Dr. Wagen noted in October of 2011 that Plaintiff no longer had any bowel issues. (Tr. 411). Moreover, in February of 2013, Dr. Van Wagen noted that Plaintiff had been compliant with

his medication and his symptoms were improving. (Tr. 405, 408). As noted in the Report and Recommendation, these instances were not the only examples of inconsistent medical evidence. *See* Dkt. No. 13 at 10–12 (Pg. ID No. 607–09).

It is well settled that "[w]here the opinion of a treating physician is not supported by objective evidence or *is inconsistent* with other medical evidence in the record, this Court generally will uphold an ALJ's decision to discount that opinion." *Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 175–76 (6th Cir. 2009) (emphasis added). Here, the medical opinions of Dr. Van Wagnen are inconsistent with the medical evidence. Therefore, the ALJ's decision to discount the opinion of Dr. Van Wagnen was proper. Accordingly, the objection is overruled.

### 2.  Objection No. 2: The Magistrate Erred when he Found that the ALJ had Adequately Evaluated Plaintiff's Impairments in Combination

Plaintiff argues that "[g]iven the list of impairments suffered by Plaintiff," the limitations in the RFC did not do "enough to address the effects of Plaintiff's multiple severe impairments in combination." Dkt. No. 14 at 6 (Pg. ID No. 621).

This exact argument was also raised on Plaintiff's original Motion for Summary Judgment. *See* Dkt. No. 10 at 20–21 (Pg. ID No. 562–63). Therefore, this objection also fails the *Carter* standard for specificity.

Furthermore, Plaintiff has not demonstrated *how* the ALJ's findings were insufficient. Plaintiff relies on *Dorton v. Heckler*, 789 F.2d 363, 366 (6th Cir.

1986) to argue that the listed impairments should be "deemed medically equivalent to a listed impairment." *See* Dkt. No. 14 at 5 (Pg. ID No. 620). But the objection does not explain how *Dorton* applies to the facts, only that it is dispositive. Thus, the objection is conclusory.

Moreover, as the Magistrate Judge notes, "[h]ere, the ALJ stated several times in his Step Three analysis that Cole's impairments (plural) did not meet or medically equal a listing, either alone or in combination." Dkt. No. 13 at 14 (Pg. ID No. 611) (citing Tr. 17–18). Therefore, the ALJ did account for the combined effect of Plaintiff's ailments.

Accordingly, the objection is overruled.

### 3. Objection No. 3: The Magistrate Erred when he Found that the ALJ's Negative Credibility Determination was Supported by Substantial Evidence

Finally, the Plaintiff argues that the Magistrate Judge erred in affirming the ALJ's decision to "assign limited weight to the Plaintiff's testimony and great weight to the treatment notes." Dkt. No. 14 at 6 (Pg. ID No. 621). This argument is without merit.

An ALJ's credibility determination may not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). This Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

Plaintiff argues that his ability to "handle some basic activities of daily living was held against him by both the ALJ and the Magistrate" in an impermissible fashion. Dkt. No. 14 at 7 (Pg. ID No. 622). But Plaintiff's argument takes for granted the fact that the ALJ specifically referenced and accounted for Plaintiff's ailments—such as his need to use the restroom frequently—within the RFC by limiting him to jobs which have "ready access to the restroom facilities." (Tr. 18).

While Plaintiff may disagree with the credibility determinations of the ALJ, it does not negate the fact that the ALJ did have substantial evidence to support those conclusions. The Magistrate Judge listed said evidence in detail. *See* Dkt. No. 13 (Pg. ID No. 613) ("Cole repeatedly denied further examination or workup for this pain, and in March 2013, Dr. Prough indicated that surgery was not immediately necessary, given that Cole was having minimal symptoms . . . The ALJ also noted that in contrast to Cole's complaints regarding his hand pain, he had not had any physical therapy or other treatment for his carpal tunnel syndrome in several years.").

In the face of substantial evidence to the contrary, Plaintiff's blanket denial of the evidence does not give the Court a compelling reason to disturb the ALJ's credibility determinations. Accordingly, the objection shall be overruled.

## IV. CONCLUSION

For the reasons discussed, the Court **HEREBY OVERRULES** Plaintiff's Objections, **ACCEPTS** Magistrate Judge Grand's Report and Recommendation [13]; **GRANTS** Defendant's Motion for Summary Judgment [12]; **DENIES** Plaintiff's Motion for Summary Judgment [10]; and, pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMS** the Commissioner's Decision.

IT IS SO ORDERED.

Dated: February 11, 2016        /s/Gershwin A Drain
Detroit, MI                  HON. GERSHWIN A. DRAIN
                            United States District Court Judge